UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW JUNIOR LOGAN,

    Petitioner,

v.

Case No. 1:08-cv-715
Hon. Robert J. Jonker

BLAINE C. LAFLER,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner, Andrew Junior Logan, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**    **Background**

The Michigan Court of Appeals summarized the events which led up to petitioner's conviction:

> The complainant, Denise Jones, met defendant as she socialized with her friends in the parking lot of a grocery store. They later went to Jones's apartment where they drank beer and smoked marijuana with Jones's daughter, and her daughter's friend. Jones and defendant subsequently went into her bedroom to watch television. At one point, Jones went to her closet to get a cigarette, but dropped them on the floor. When she bent over to pick them up, defendant approached her from behind, turned her head to the left, and slashed her throat with a knife. Defendant fled as Jones sought help from her daughter, who was asleep in the next bedroom. Jones was taken to the emergency room and underwent surgery to explore the damage to her neck and repair the wound.

*People v. Logan*, No. 263948, slip op. at 1 (Oct. 26, 2006) (docket no. 16). Following a jury trial in Calhoun County, petitioner was convicted of assault with intent to commit murder, M.C.L. §

750.83, and sentenced as a third habitual offender, M.C.L. § 769.11, to serve a term of 25 to 50 years imprisonment. *Id.*

Petitioner, through counsel, presented one issue on appeal:

I. Is [petitioner] entitled to a new trial where the court declined to instruct the jury as to self-defense as requested by the defense?

Brief on Appeal (docket no. 16). The Michigan Court of Appeals affirmed petitioner's conviction. *See People v. Logan,* No. 263948.

Petitioner, through counsel, raised the same issue with the Michigan Supreme Court. *See People v. Logan*, No. 132522 (Mich.) (Application for leave to appeal) (docket no. 17). In addition, petitioner raised a new issue is a supplemental pro per application for leave to appeal:

NEW ISSUE: [Petitioner] was denied his constitutional right to effective assistance of counsel.

*Id.* (Pro per application for leave to appeal). The Michigan Supreme Court denied the application for leave to appeal. *See People v. Logan*, No. 132522 (Mich. Feb. 27, 2007).

Petitioner then filed a motion for relief from judgment under MCR 6.500 *et seq*., in which he raised the following issue:

I. [Petitioner] was denied his constitutional right to effective assistance of trial counsel.

Motion for relief from judgment, *People v. Logan*, No. 05-000328-FC, 37th Judicial Circuit, Calhoun County, MI (docket no. 18). Specifically, petitioner alleged that his trial counsel failed to look into the victim's criminal past, called no witnesses on behalf of petitioner, and refused to allow petitioner to testify on his own behalf. *Id.* The trial court denied the motion on July 17, 2007, "for the reason that the issues identified by [petitioner] justifying the relief sought were fully decided by the appellate courts, or, in the alternative, waived by virtue of not being pursued in the original

appeal. *Id.* (Order July 17, 2007). Petitioner raised this same issue in his applications for leave to appeal to the Michigan Court of Appeals and the Michigan Supreme Court, both of which denied the applications because petitioner failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). *People v. Logan*, No. 280160 (Mich. App. Dec. 3, 2007) (docket no. 18); *People v. Logan*, No. 135568 (Mich. June 23, 2008) (docket no. 18).

Logan has now filed a petition in this court seeking a writ of habeas corpus pursuant to § 2254, raising the following issues (in his words):

I. Petitioner is entitled to a new trial where the trial court declined to instruct the jury as to self-defense as requested by the defense.

After the prosecutor presented three witnesses, the court declined to give a jury instruction as to self-defense, based on the evidence presented up to that point (II, 4-5). The court denied the second request at the close of proofs. It reviewed the requirements of the instructions, making a finding that defendant did not fit them, because in the court's opinion, defendant was not going to be seriously robbed. (II, 107-108). Defendant was aware the complainant had previously been convicted of manslaughter. (I, 75). Thus, in his eyes, he believed he was protecting himself.

II. Petitioner's conviction was obtained in violation of the Sixth Amendment to the United States Constitution where trial counsel rendered ineffective assistance of counsel violating both US. Const Vi, XIV due process.

Petitioner told his attorney that the victim had been convicted of manslaughter in the past an[d] was the kind of woman who would try to rob people. His attorney who had this information, never looked into the victim's past, her criminal history, or anything else relating to the victim. Trial counsel called no witnesses. Counsel also refused Petitioner's request to testify.

Petition at ¶ 14 (docket no. 1).

### II. Procedural default claim (Issue II)

As an initial matter, petitioner's claim of ineffective assistance of trial counsel (Issue II) is procedurally defaulted. Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

Here, petitioner first raised claim of his ineffective assistance of trial counsel (Issue II), in his application for leave to appeal to the Michigan Supreme Court. This was insufficient to exhaust the claim for federal habeas purposes. Submission of a new claim to the state's highest court on discretionary review does not constitute fair presentation of a claim in the habeas context. *See Castille v. Peoples*, 489 U.S. 346, 349-52 (1989); *Paffhousen v. Grayson*, No. 00-1117, 2000 WL 1888659 at *2 (6th Cir. Dec. 19, 2000). Petitioner exhausted this claim by filing a motion for relief from judgment pursuant MCR 6.500 *et. seq*. Both the Michigan Court of Appeals and the

Michigan Supreme Court denied petitioner's application for leave to appeal these claims because he failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). The Sixth Circuit has held that MCR 6.508(D) is a valid procedural bar for habeas purposes. *See Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Burroughs v. Makowski*, 282 F.3d 410, 414 (6th Cir. 2002); *Simpson*, 238 F.3d at 407-08; *Luberda v. Trippett*, 211 F.3d 1004, 1008 (6th Cir. 2000). Consequently, a habeas petitioner's claims are procedurally defaulted in those cases, such as the present case, in which the Michigan Supreme Court expressly relies on MCR 6.508(D) in denying an application for leave to appeal. *Id.* As the last state court rendering judgment in the case, the Michigan Supreme Court's decision denying petitioner's ineffective assistance of counsel claim on the basis of the state procedural bar of MCR 6.508(D) precludes habeas review. *See Howard*, 405 F.3d at 477; *Burroughs*, 282 F.3d at 414; *Simpson*, 238 F.3d 407. Accordingly, this claim is procedurally defaulted for purposes of federal habeas review.

Habeas review of a procedurally defaulted claim is precluded unless petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "[T]he existence of cause for a procedural default must turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner does not assert any cause for his procedural default of these issues. Petitioner's failure to demonstrate cause prevents federal review of his habeas claims unless the court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In *Schlup v.*

*Delo*, 513 U.S. 298, 321 (1995), the Supreme Court described the scope of the fundamental miscarriage of justice exception:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

To meet the threshold requirement for actual innocence, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329. In the procedural default context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. Claims of actual innocence are rarely successful because such evidence is unavailable in the vast majority of cases. *Id.* Petitioner offers no such new evidence that he is actually innocent of the crime for which he was convicted. He has failed to meet the fundamental miscarriage of justice exception. Accordingly, petitioner's ineffective assistance of counsel claim is procedurally barred and not subject to habeas review.[1]

---

[1] The court notes that in his reply, petitioner attempts to avoid a procedural default by re-casting his claim against his trial counsel (Mr. Marks), as one for ineffective assistance of his *appellate counsel* (Mr. Rust). Petitioner's Reply (docket no. 20). However, petitioner's his belated attempt to transform his claim of ineffective assistance of trial counsel into one for ineffective assistance of appellate counsel fails because he never raised the issue of ineffective assistance of appellate counsel in the state court.

### III. Standard of review under 28 U.S.C. § 2254

Returning to Issue I, petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Here, petitioner has exhausted Issue I raised in his petition.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v.*

*Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*).  An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct.  28 U.S.C. § 2254(e)(1).  A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous.  *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).  The presumption of correctness accorded to a state court's findings of fact on federal habeas review also applies to the factual findings of a state appellate court based on the state trial record.  *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001).

### IV. Discussion

Petitioner's remaining claim is that the trial court failed to issue a jury instruction for self-defense.  The Michigan Court of Appeals addressed this issue as follows:

> After defendant was apprehended, he told police that he stabbed Jones because she attempted to rob him of twenty dollars, using a large meat fork as a weapon.  Defendant did not testify at trial, but the defense asserted a theory of self-defense and twice requested that the trial court instruct the jury by reading the standard jury instruction on the use of deadly force in self-defense, CJI2d 7.15, and a person's duty to retreat to avoid using deadly force, CJI2d 7.16.  The trial court ruled that the instructions were unsupported by the evidence.
>
> Defendant argues that the trial court erred in failing to instruct the jury on self-defense.  We review claims of instructional error de novo.  *People v. Kurr*, 253 Mich.App 317, 327; 654 NW2d 651 (2002).  A criminal defendant is entitled to have a properly instructed jury consider the evidence against him.  *People v. Rodriguez*, 463 Mich. 466, 472; 620 NW2d 13 (2000).  For that reason, "jury instructions must include all the elements of the charged offense and must not exclude material issues, defenses, and theories if the evidence supports them."  *People v. Canales*, 243 Mich.App 571, 574; 624 NW2d 439 (2000).
>
> Generally, a person acts in self-defense if that person is free from fault and, under all the circumstances, he honestly and reasonably believed that he was in

>imminent danger of death or great bodily harm and that it was necessary for him to exercise deadly force. *People v. Riddle*, 467 Mich. 116, 119; 649 NW2d 30 (2002); *see also* CJI2d 7.15. A defendant may not claim self-defense if he used excessive force or was the initial aggressor. *People v. Kemp*, 202 Mich.App 318, 322-323; 508 NW2d 184 (1993).
>
>We find that the evidence did not support a jury instruction on self-defense or the duty to retreat. The prosecutor presented testimony that clearly showed that defendant was the initial aggressor, and that he attacked Jones from behind for no apparent reason. No evidence was presented to support the defense theory that Jones initiated a confrontation by attempting to rob defendant. Jones testified that she did not have a meat fork in her bedroom, and did not use one to attack defendant. Defendant presented no evidence to contradict her testimony. Moreover, the evidence presented did not support a conclusion that defendant had an honest and reasonable belief that he was in imminent danger of death or great bodily harm and that it was necessary for him to exercise deadly force. To the contrary, the evidence showed that if defendant feared for his safety, he could have left the room instead of attacking Jones. Consequently, the trial court properly refused to grant defendant's request for a self-defense instruction.

*Logan*, No. 263948, slip op. at 1-2.

Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). The only question arising out of a federal habeas challenge to a state court's jury instruction, or here, the lack of one, is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle*, 502 U.S. at 72 (internal quotations omitted). Habeas corpus relief is not warranted on the basis of an improper jury instruction simply because the instruction is undesirable, erroneous or universally condemned. *Id.* In addition, the instruction cannot be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. *Id.*

The Michigan Court of Appeals determined that the trial court properly denied petitioner's request for a jury instruction of self defense. Petitioner seeks to have this court overrule

the Michigan appellate court's determination. Petitioner's claim is not cognizable on federal habeas review because he has not shown that the state court's denial of his requested instruction violated the Constitution, laws, or treaties of the United States. The state courts are the ultimate expositors of state law in federal habeas proceedings. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). They found there were not facts offered into evidence by either the prosecutor or the defendant at trial to suggest the victim ever threatened the petitioner, or that he ever could have had a reasonable belief of imminent danger, before he slashed her throat. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68. As the Sixth Circuit observed in *Roddy v. Black*, 516 F.2d 1383 (6th Cir. 1975):

> The Great Writ is not an instrument which the federal courts may employ at will to reverse state criminal convictions. Rather it is the means by which federal courts may undo "restraints contrary to our fundamental law, the Constitution."

*Roddy*, 516 F.2d at 1383, *quoting Fay v. Noia*, 372 U.S. 391, 409 (1963). To grant the relief sought by plaintiff, that is, to require the additional instruction, would be tantamount to this court overruling the ultimate expositor of the state law.

Even if the court were to broadly construe petitioner's habeas petition as including a federal due process claim, he would not prevail. Such a claim can arise from a trial court's denial of a self-defense instruction. For example, in *Taylor v. Withrow*, 288 F.3d 846 (6th Cir. 2002), the court held that the right of a defendant in a criminal trial to assert self-defense is a fundamental right, that failure of a state court to instruct a jury on self-defense when the instruction has been requested and there is sufficient evidence to support such a charge violates a criminal defendant's rights under the due process clause, and that "[i]t is indisputably federal law as announced by the Supreme Court that a defendant in a criminal trial has the right to a meaningful opportunity to present a complete defense." *Taylor*, 288 F.3d at 851 (internal quotation marks omitted). *Taylor*, however, does not

save petitioner here, because he did not fairly present a federal due process claim in his state appeal, and even if he had there certainly was not 'sufficient evidence,' indeed any evidence at all, to support such a charge.

Accordingly, petitioner's claim regarding the trial court's failure to give the self-defense jury instruction is not cognizable on federal habeas review.

### V.     Recommendation

For these reasons, I respectfully recommend that the habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated:  June 27, 2011                              /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).